**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | |
|---|---|
| FOREMOST INSURANCE COMPANY )<br>GRAND RAPIDS, MICHIGAN, as Subrogee )<br>of JW CAPITAL, LLC, )<br>5600 Beechtree Lane, SE )<br>Caledonia, Michigan 49316 )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>R & G REMODELING, LLC )<br>c/o Rhyan Gamet, Registered Agent )<br>103 N. Montford Avenue )<br>Baltimore, Maryland 21224 )<br>  )<br>BARDALES CONTRACTORS, INC., )<br>c/o Hansel Bardales, Registered Agent )<br>11309 Veirs Mill Road )<br>Silver Spring, Maryland 20902 )<br>  )<br>  Defendants. )<br>_____ ) | Civil Action No. _____<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

COMES NOW Plaintiff, Foremost Insurance Company Grand Rapids, Michigan, as Subrogee of JW Capital, LLC, by its undersigned counsel, and for its Complaint against defendants R & G Remodeling, LLC and Bardales Contractors, Inc., respectfully states as follows:

### THE PARTIES

1. Plaintiff Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), is an insurance company organized and existing under the laws of the State of Michigan, with its principal place of business located in the State of Michigan. At all times relevant to the averments contained herein, Foremost was authorized to conduct business in the State of

181291 - v1

Maryland. Foremost provided property insurance coverage to JW Capital, LLC ("JW Capital") against losses arising from certain hazards to its real property located at 1322 Morling Avenue in Baltimore, Maryland (the "JW Capital House"). At all relevant times, JW Capital's property insurance policy with Foremost was in full force and effect.

2.  Plaintiff Foremost's subrogor, JW Capital, LLC, is a Maryland limited liability company having its principal place of business in Timonium, Maryland.

3.  Upon information and belief and at all times relevant, defendant R & G Remodeling, LLC ("R&G") was a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located in Baltimore, Maryland. R&G's registered agent for service of process is Rhyan Gamet, 103 N. Montford Avenue, Baltimore, Maryland 21224. At all times relevant to the allegations contained herein, R&G was a licensed general contractor in the State of Maryland having Registration Number 114213. R&G performed residential construction and remodeling work to homes in the Baltimore, Maryland area, including the JW Capital House (the "Project").

4.  Upon information and belief and at all times relevant, defendant Bardales Contractors, Inc. ("Bardales") was a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located in Silver Spring, Maryland. Bardales's registered agent for service of process is Hansel Bardales, 11309 Veirs Mill Road, Silver Spring, Maryland 20902. At all times relevant to the allegations contained herein, Bardales was a roofing subcontractor selected, hired and supervised by R&G to perform roofing work on the JW Capital House.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states in that the citizenship of the plaintiff is completely diverse from the citizenship of the defendants.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events and acts and omissions causing the loss that is the subject of this action occurred in Baltimore, Maryland.

**FACTS**

7. On May 25, 2019 a fire occurred at the JW Capital House, which resulted in substantial damage to JW Capital's property.

8. Prior to May 25, 2019, R&G entered into a General Contracting Agreement with JW Capital for R&G to perform work and provide labor and materials to the JW Capital House in exchange for payment (the "Contract"). A copy of the Contract is attached hereto as Exhibit "A" and is incorporated herein by reference.

9. Pursuant to the Contract, R&G agreed that:

<u>Section 1: The Work</u>

(a) The Contractor shall be held accountable for the following Project related responsibilities: furnish all labor, staff, administration, and supervision; furnish, supply and/or install all equipment, material, supplies, tools, machinery, apparatus, scaffolding, hoisting, transportation, unloading and handling; do all things required to fully complete the work described above on the Project; all in strict compliance with the requirements, terms and conditions set forth in this Agreement; the Plans, Drawings and Specifications prepared by the Architect/Engineer/Owners unless Baltimore County code and circumstance dictate otherwise; and the Contract Documents as defined in this Agreement.

(b) The Contractor expressly represents and warrants to Owners that Contractor holds special knowledge, training, and experience in such work, and that Contractor shall

provide everything required or necessary to complete such work to the highest standards of such workmanship in the industry, regardless of whether all items, materials, equipment or requirements are expressed, identified or detailed in this Agreement, the Contract Documents, or in the Plans and Specifications.

Section 4: Indemnity

For good and valuable consideration, the receipt whereof is hereby acknowledged, and to the fullest extent permitted by law, the Contractor agrees to indemnify and hold harmless the owner, the architect/engineer, and all of their agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees arising out of or resulting from the performance or failure in performance of the contractor's work under this agreement provided that any such claim, damage, loss, or expense (1) is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property including the loss of use resulting therfrom, (2) to the extent caused by any negligent act or omission of the contractor or anyone directly or indirectly employed by the contractor, or anyone for whose acts the contractor may be liable, regardless of whether caused in part by a party indemnified hereunder.

10. Upon information and belief, R&G entered into a subcontract with Bardales to perform a portion of R&G's scope of work on the Project. Specifically, R&G selected and hired Bardales to perform roofing work on the JW Capital House.

11. At all times relevant, R&G had total and complete responsibility for all work being performed by Bardales on the Project and had a duty to ensure that Bardales was qualified to perform its work, including, but not limited to, ensuring that Bardales was adequately licensed and insured.

12. At all times relevant, R&G had a duty and responsibility to supervise all work being performed on the Project, including, but not limited to, all work performed by Bardales. R&G had a specific duty to ensure that all work on the Project was performed in a professional, safe and workmanlike manner.

181291 - v1                                                              4

13. Pursuant to the Contract, R&G had a duty and contractual obligation to furnish all labor, staff, administration, and supervision to the Project. This included all work to be performed by Bardales.

14. Pursuant to the Contract, R&G agreed to indemnify JW Capital and all of its agents, including Foremost, for all damages, losses and expenses, including attorneys' fees arising out of or resulting from the performance or failure in performance of R&G's work: (1) attributable to destruction of property including the loss of use resulting therefrom; and (2) to the extent caused by any negligent act or omission by R&G or anyone directly or indirectly employed by R&G, or anyone for whose acts R&G may be liable, which included the actions and work performed by Bardales.

15. On May 25, 2019, Bardales negligently performed roofing work on the JW Capital House and caused the fire and damage to JW Capital's property.

16. In an email dated June 1, 2019, the registered agent and managing member for R&G, Ms. Rhyan Gamet, stated in important part:

> Hello all,
>
> An incident occurred on Saturday May 25, 2019 at 1322 Morling Ave 21211. We subcontracted…roofers who accidentally caught the house on fire.

17. The fire at the JW Capital House occurred because R&G and Bardales improperly, carelessly, recklessly, defectively, and negligently performed their work, which created a foreseeable fire hazard that was readily known by all professional contractors.

18. As a direct and proximate result of the fire and its property damages, JW Capital filed a property insurance claim with Foremost. Foremost, in response to this property claim and in accordance with its obligations under the policy, made payment to JW Capital in the legally recoverable amount of One Hundred Fifty-One Thousand Nine Hundred Seventy-Two and

11/100 Dollars ($151,972.11). This amount includes JW Capital's One Thousand Dollar ($1,000.00) deductible.

19. To the extent of its payment to its insured, plaintiff Foremost is subrogated to all rights and claims its insured may have against the defendants.

20. The acts and omissions of R&G and Bardales directly and proximately caused the damages sustained by plaintiff. Accordingly, R&G and Bardales are jointly and severally liable to plaintiff for the previously described damages.

### COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT R & G REMODELING, LLC

21. Plaintiff realleges Paragraphs 1 through 20 and incorporates the same herein by reference.

22. JW Capital entered into the Contract with defendant R&G for R&G to perform work and provide labor and materials to the JW Capital House.

23. Pursuant to the Contract, defendant R&G, through its employees, agents and/or representatives, performed work on the JW Capital House.

24. Pursuant to its scope of work, defendant R&G and its employees, agents, and/or representatives performed roofing work on the JW Capital House.

25. Defendant R&G breached its contract with JW Capital by failing to perform its work in a professional, safe and workmanlike manner, and in accordance with all applicable codes, instructions, laws and industry standards. Specifically, defendant R&G and its employees, agents and/or representatives improperly, carelessly, recklessly, and defectively performed roofing work on the JW Capital House.

26. As a direct and proximate result of defendant R&G's breach of contract, plaintiff Foremost has suffered damages in the amount of $151,972.11.

27.     Pursuant to the Contract, plaintiff is entitled to recover its attorneys' fees arising out of this action from defendant R&G.

WHEREFORE, plaintiff Foremost demands that it be granted judgment against defendant R & G Remodeling, LLC in the amount of $151,972.11, together with interest, the costs of this action, attorneys fees, and such other and further relief as this Court may deem just and proper.

### COUNT II – NEGLIGENCE AGAINST DEFENDANTS R & G REMODELING, LLC AND BARDALES CONTRACTORS, INC.

28.     Plaintiff realleges Paragraphs 1 through 20 and incorporates the same herein by reference.

29.     At all times relevant, defendants R&G and Bardales had a duty to exercise reasonable care in performing their work at the JW Capital House and to make sure that all work was performed in a professional, safe and workmanlike manner so as not to injure or cause damage to JW Capital and its property.

30.     Defendants R&G and Bardales, by reason of the conduct of their employees, agents and/or representatives breached their duty of care by committing one or more of the following negligent acts or omissions, including, but not limited to, the following:

a.  Failing to perform roofing work at the JW Capital House in a professional, safe and workmanlike manner;

b.  Failing to properly inspect roofing work at the JW Capital House;

c.  Failing to adequately and properly supervise, direct and/or inspect roofing work at the JW Capital House, which supervision, direction and inspection would have revealed the improper and negligent work;

d.  Negligently causing the subject fire at the JW Capital House; and

e.  Failing to use due care in other ways that may be disclosed or determined through discovery.

31. As a direct and proximate result of the negligent and careless acts and omissions of defendants R&G and Bardales, plaintiff Foremost has suffered damages in the amount of $151,972.11.

WHEREFORE, plaintiff Foremost demands that it be granted judgment against defendants R & G Remodeling, LLC and Bardales Contractors, Inc., jointly and severally, in the amount of $151,972.11, together with interest, the costs of this action, attorneys fees, and such other and further relief as this Court may deem just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY IN THIS ACTION.

                                          /s/
Timothy J. McEvoy, Esquire (MD Fed. No. 15292)
Laura P. Leibowitz, Esquire *(to be admitted pro hac vice)*
CAMERON MCEVOY, PLLC
4100 Monument Corner Drive
Suite 420
Fairfax, Virginia 22030
(703) 460-9341 (Direct)
(703) 460-9348 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
lleibowitz@cameronmcevoy.com

H. Lee Falls, III, Esquire *(to be admitted pro hac vice)*
FALLS LAW FIRM, PLLC
1712 Euclid Avenue
Charlotte, NC 28203
Telephone: 704-314-4845
Fax: 704-519-2522
lfalls@fallslawfirm.com

*Counsel for Plaintiff*

181291 - v1        8